George J. Klevenhagen v. Commissioner. Christine C. Klevenhagen v. Commissioner.
Klevenhagen v. Commissioner
Docket Nos. 20296, 20297.
United States Tax Court
1950 Tax Ct. Memo LEXIS 201; 9 T.C.M. (CCH) 399; T.C.M. (RIA) 50120; May 16, 1950
*201 1. Petitioners filed income tax returns for the years 1942, 1944 and 1945, correctly reporting all their taxable income for such years. 2. Petitioners in 1943 had taxable community income in the amount of $3,500, no part of which was reported in their respective separate returns filed for such year.
3. In the taxable year 1943, each petitioner knowingly filed a false and fraudulent return with intent to evade tax, and the 50 per cent fraud penalty proposed on the deficiency redetermined for such year, computed under Rule 50, is affirmed. R. N. Gresham, Esq., 1603 Alamo Nat. Bldg., San Antonio 5, Tex., for the petitioners. F. S. Gettle, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH: These proceedings involve income tax and income and victory tax deficiencies and fraud penalties for the years 1942 to 1945, inclusive, as follows: George J. Klevenhagen
Income and
50%
Year
Income Tax
Victory Tax
Penalty
1942
$ 121.00
$ 60.50
1943
$551.24
253.47
1944
1,349.89
674.94
1945
524.00
262.00
Christine C. Klevenhagen
1942
$ 169.00
$ 84.50
1943
$579.11
273.40
1944
1,349.89
674.94
1945
524.00
262.00
*202 The issues presented are: (1) Whether the respondent erred in the determination of the taxable net income of each petitioner for the years 1942 to 1945, inclusive. (2) Whether the respondent properly asserts the 50 per cent fraud penalty under section 293 (b) of the Internal Revenue Code against each petitioner for each of the respective taxable years involved. No formal motion to consolidate or try these proceedings separately was made. No reason appears why they should be separately decided. The same issue is involved in both proceedings and the hearing proceeded as if they had been consolidated, They will be so treated here. The cases were submitted upon oral testimony, documentary proof and exhibits. Findings of Fact Petitioners are husband and wife, and reside in San Antonio, Texas. Each petitioner filed individual income tax returns for each of the years 1942, 1943, 1944 and 1945 with the collector of internal revenue for the first district of Texas. Each petitioner took advantage of the foregiveness provisions of the Current Tax Payment Act of 1943 for the year 1943. George J. Klevenhagen, during the taxable years involved, was employed *203 by the City of San Antonio, Texas. In 1936, 1937 and 1938 he owned and operated a number of slot machines and marble-table machines, receiving 50 per cent of the money played into the machines. Christine C. Klevenhagen held a master's degree. Since 1933 she has been employed as a teacher in the San Antonio public schools. Between February 1942 and July 1945, each petitioner purchased United States E bonds. The total cost price of the bonds purchased was $4,837.50. In the years 1942, 1943 and 1944 petitioners purchased jewelry of the aggregate cost of $700. On June 1, 1944 petitioners purchased a home in San Antonio for $11,000, paying $7,500 in cash and executing a mortgage for $3,500. The mortgage was paid on November 2, 1945. In 1944 Klevenhagen purchased a half interest in a boat which cost $400. This boat was traded in on a second boat costing $600 or $700. This boat was sold and a third boat acquired at a cost of $2,200 or $2,300, in which he also had a half interest. The combined net salaries of the petitioners for the period January 1, 1942 to December 31, 1945 amounted to $12,954.56. In 1943 Klevenhagen sold a number of slot machines and marble-table machines *204 for the sum of $3,500. Prior to their marriage in 1941, Christine C. Klevenhagen had saved from her earnings $1,800, and George J. Klevenhagen had saved $6,000, which he gave to Christine C. Klevenhagen for the purpose of purchasing a home. Between 1942 and 1945, Christine C. Klevenhagen received from an uncle, by way of inheritance, $1,500. In 1943 she sold a Ford automobile, which had been purchased prior to her marriage, for $750. In 1945 petitioners collected $238.75 insurance by way of hail damage to their home. They had the damage repaired by a kinsman at a cost of $10. Petitioners had no children. They occupied an apartment at a monthly rental of $45 until they acquired their home in June 1944. Petitioners' living expenses during the taxable years involved approximated $102 per month. During the taxable years a checking account was maintained in the name of Christine Collins, the maiden name of Christine C. Klevenhagen. Between January 1, 1942 and December 31, 1945 deposits totaling $8,008.17 were made in such account. Christine C. Klevenhagen handled all the financial affairs of petitioners. She kept large sums of money in her apartment which were used to purchase *205 a home and to purchase United States bonds. In the taxable year 1943 petitioners had taxable community income in the amount of $3,500, no part of which was included in their respective income tax returns filed for such year. For the taxable years 1942, 1944 and 1945 each petitioner filed income tax returns correctly reporting all his respective taxable income for such years. For the taxable year 1943 each petitioner knowingly filed a false and fraudulent return with intent to evade tax. Opinion The respondent determined the deficiencies for the taxable years 1942 to 1945, inclusive, against petitioners under the net worth formula. Petitioners make no objection to the use of such method, but have assumed the burden of establishing error in the respondent's determination and of showing the source of funds from which their asset worth was accumulated. The respondent, starting with a net worth as of January 1, 1942 of $115.71, has determined petitioners' asset worth as of December 31, 1945 to be $23,625.29, made up as follows: Cash
$ 2,958.19
Bonds
7,518.75
Retirement Fund
531.60
Jewelry
500.00
Home
11,016.75
Boat (1/2 interest)
1,100.00
Total
$23,625.29
*206 Petitioners contest only the item with respect to the bonds. The respondent concedes that certain bonds not purchased by petitioners were included in his total of $7,518.75. From the conflicting evidence we have found as a fact that petitioners purchased and retained during the taxable period 1942 to 1943, inclusive, bonds costing $4,837.50. The record established that petitioners, during such period, purchased jewelry in the amount of $700. Giving effect to these adjustments, the asset worth of petitioners of December 31, 1945 was the amount of $21,144.04, for which they are accountable. Petitioners contend that the record establishes the following: That prior to 1942 George J. Klevenhagen had cash on hand in the amount of $6,000 which he had accumulated from his operation of certain slot machines and marble-table machines during the years 1936 to 1939 and savings from his salary as a city employee; that prior to 1942 Christine C. Klevenhagen had saved from her salary as a teacher during the period 1933 to 1941 the sum of $1,800; that during the taxable periods involved she received $1,500 as an inheritance from an uncle; that she received $750 in 1943 from the sale of a Ford *207 car which she owned prior to 1942; that petitioners received in 1944 the sum of $238 by way of insurance from hail damage to their home, $10 of which was spent to repair such damage; and that George J. Klevenhagen in 1942 or 1943 received the sum of $3,500 from the sale of slot machines and marble-table machines. The aforementioned amounts aggregate the sum of $13,778. In addition to the above-mentioned sources of moneys, petitioners concededly received by way of salaries from the City of San Antonio, Texas, the sum of $12,954.56. This amount of salaries is the net amount actually received by petitioners after the deduction of withholding taxes and contributions to the retirement funds of $531.60, which latter amount is included in the asset worth amount of $23,625.29 determined by the respondent. We have found as a fact that petitioners had on hand prior to 1942 and received during the taxable periods involved funds aggregating the sum of $13,778, since all of the items included in such amount are supported either by documentary proof or the testimony of disinterested and unimpeached witnesses, except the amount of $1,800, which Christine C. Klevenhagen testified represented her *208 savings between 1933 and 1941 from teaching, and the amount of $3,500, which George J. Klevenhagen testified he received from the sale of the aforementioned machines. We have accepted Christine C. Klevenhagen's testimony as to her savings of $1,800 for the reason that the evidence shows her to be a thrifty individual; the amount involved is well within the range of probability and, furthermore, she impressed us as being a truthful witness. With respect to the item of $3,500 received from the sale of the aforementioned machines, we accept the testimony of petitioners for the reason that it is an admission against interest and because petitioners concede that the gain from the sale was not reported as taxable income, to which circumstances reference will be made more fully hereinafter. Also in support of our findings of fact we think it proper to refer to other circumstances disclosed by this record. The agent of the respondent who made the investigation upon which the contested deficiencies are based was a witness for the respondent. His investigation continued over a period of two years. In the course of his testimony he did not indicate that petitioners had any source of income *209 other than their salaries as employees of the City of San Antonio. The respondent offered no testimony that petitioners made any statements in the course of the investigation into their financial affairs contrary to the testimony given by them at the hearing of these proceedings. The aforementioned amount of $13,778, plus the conceded amount of net salaries of $12,954.56, aggregate the sum of $26,732.56, or $5,588.52 in excess of the actual asset worth of $21,144.04 as of December 31, 1945. Against the sum of $5,588.52 there are to be charged the living expenses of petitioners during the taxable periods involved. We have found from the evidence that the living expenses of petitioners approximated $102 per month, or a total of $4,896 for the four taxable years 1942 to 1945, inclusive. On the basis of the foregoing, we conclude that petitioners have satisfactorily accounted for the sources of funds to justify their asset worth as of December 31, 1945. There remains for further consideration the matter of the item of $3,500 received from the sale of the slot machines and marble-table machines. Petitioners concede the gain from that transaction constitutes taxable income in the *210 taxable years which was not reported for tax purposes. In this connection two questions for determination arose, first, the year in which the sale occurred, and second, whether petitioners have shown a proper basis. Neither of the petitioners was certain as to whether the sale was made in 1942 or 1943. We think, therefore, there is no basis for complaint as to our determination that the sale occurred in 1943. As to the basis, George J. Klevenhagen testified that his cost of such machines was between $1,300 and $1,400. He also testified that the gain had not been reported for tax purposes because he thought the value of the machines had been fully depreciated before the sale. We accept his testimony as to the machines having been fully depreciated. Therefore, the entire amount of $3,500 constituted taxable income in the year 1943, and we have so found as a fact. Since the $3,500 is community income, one half or $1,750 is to be added to the taxable income severally reported by each petitioner for the year 1943, and the deficiencies resulting from the inclusion of such amounts redetermined under Rule 50. With respect to the taxable years 1942, 1944 and 1945, we have found as a fact *211 that the petitioners correctly reported all of the taxable income received in those years. The deficiencies determined by the respondent for such years are disallowed. The asserted fraud penalties asserted for such years fall. There remains for determination the imposition of fraud penalties for 1943, in which years petitioners had unreported community income of $3,500. The only excuse offered for failure to report such income unquestionably received is that George J. Klevenhagen thought the value of the machines had been fully depreciated. We think such a patently lame and untenable excuse evidences a fraudulent purpose. The record establishes that Christine C. Klevenhagen had charge of the family finances and was, therefore, aware of the receipt of such taxable income. We therefore conclude that each petitioner for the taxable year 1943 intentionally filed a false and fraudulent return, and fraud penalties of 50 per centum are allowed and will be added to the deficiencies to be redetermined for the year 1943, computed under Rule 50. Decisions will be entered under Rule 50.